# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

VICENTE DE JESUS VASQUEZ-ACEVEDO,

Petitioner,

v.

RAND BEERS, Acting Secretary of the U.S. Department of Homeland Security, et al.,

Respondents.

Case No. C13-1943 RAJ-BAT

**REPORT AND RECOMMENDATION**

Petitioner Vincente Vasquez-Acevedo has filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his pre-removal-period detention and seeking supervised release or a bond hearing before an Immigration Judge ("IJ"). *See* Dkt. 3. Respondents argue that the petition should be dismissed because his detention is lawful. *See* Dkts. 9, 12. For the reasons discussed below, the Court recommends **DENYING** petitioner's habeas petition, Dkt. 3, **GRANTING** respondents' motion to dismiss, Dkt. 9, and **DISMISSING** the matter without prejudice.

## BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States in 2002 at an unknown location without inspection or parole by an immigration officer. Dkt. 10-1 at 2-3. On October 7, 2013, petitioner was convicted of driving under the influence and possessing a forged

REPORT AND RECOMMENDATION- 1

drivers license and sentenced to probation. *Id.* at 8-15. On October 9, 2013, he was released from the state jail where he was being held into U.S. Immigration and Customs Enforcement ("ICE") custody and served with a Notice to Appear, charging him as removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible.").[1] Dkt. 10-1 at 17-19 (Notice to Appear); *see also id.* at 26 (Warrant for Arrest of Alien). Also on October 9, 2013, ICE served petitioner with a Notice of Custody Determination, notifying him that he would be detained pending the outcome of his removal proceedings and did not have the right to request review of the detention decision. *Id.* at 25.

On October 28, 2013, petitioner initiated the instant habeas action. *See* Dkt. 1. On December 16, 2013, ICE served petitioner with a second Notice of Custody Determination, which reiterated that he would be detained during his removal proceedings but notified him that he could request review of the detention decision by an Immigration Judge. Dkt. 10-1 at 24. Petitioner requested review the same day. *Id.* A bond hearing is currently scheduled for January 28, 2014. Dkt. 12-2 at 2.

## DISCUSSION

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district court to grant a writ a habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The record shows the statutory authority for petitioner's detention is 8 U.S.C. § 1226(a). *See* Dkt. 10-1 at 24. Section 1226(a) provides the framework for the arrest, detention, and release of aliens in removal

---

[1] The two-day discrepancy between his conviction and release to ICE custody was the result of the immigration detainer ICE placed with the jail. *See* Dkt. 10-1 at 13.

REPORT AND RECOMMENDATION- 2

proceedings. That provision gives the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See id.* Section 1226(a) states in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole . . .

8 U.S.C. § 1226(a).

When an alien is arrested and taken into immigration custody, ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1. After the initial custody determination, the alien may request a bond redetermination by an IJ. *Id.* At the bond hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). If the IJ denies bond, the alien may appeal to the BIA. 8 C.F.R. § 236.1.

Here, petitioner fails to establish that his current detention violates the Constitution or any statute. The record shows that petitioner is properly detained under § 1226(a), *see* Dkt. 10-1 at 2-4, 17-19, and that an individualized bond hearing is scheduled for January 28, 2014, before an IJ, *see* Dkt. 12-2 at 2. As such, petitioner has received all of the process he is due at this stage in his removal proceedings.

Petitioner's arguments in support of his habeas petition are unavailing. First, he asserts

that the government violated the Fourth Amendment by detaining him without a warrant. Dkt. 11 at 2. The record, which includes an arrest warrant dated October 9, 2013, the day petitioner was taken into ICE custody, belies this assertion. Second, he contends that he is "entitled to deferral of removal under Obama's Childhood Arrivals Act." Dkt. 3 at 2. Whether petitioner is subject to removal, however, is an issue that must be decided in the first instance by an IJ, not the district court. *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 882-83 (9th Cir. 2003). Third, he challenges the fact that the same IJ will hold the bond hearing and also preside over the removal proceedings. Dkt. 11 at 3. But "there is nothing improper with the same IJ presiding over both the removal and bond proceedings." *Dela Cruz v. Napolitano*, 764 F. Supp. 2d 1197, 1204 (S.D. Cal. 2011) (citing *Joseph v. Holder*, 600 F.3d 1235, 1242 (9th Cir. 2010) (noting "the IJ properly presided over both [the removal and bond] proceedings")). Fourth, he argues that the burden of establishing entitlement to a bond should be on the government, not the detainee. Dkt. 11 at 4. Regardless, the law is clear that at petitioner's bond redetermination hearing, it will be his burden to show he should be granted a bond. *Matter of Guerra*, 24 I&N Dec. at 40. Finally, he maintains that the "scheme of deportation is illegal and unconstitutional" because it violates the Tenth Amendment. Dkt. 3 at 2. The Supreme Court, however, has repeatedly upheld the validity of federal immigration laws. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510 (2003).

In sum, petitioner fails to articulate a valid basis for his habeas petition, and therefore the Court recommends denying his petition, and granting respondent's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court recommends **DENYING** petitioner's habeas petition, Dkt. 3, **GRANTING** respondents' motion to dismiss, Dkt. 9, and **DISMISSING** the matter without prejudice. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION- 4

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **February 4, 2014.** The Clerk should note the matter for **February 7, 2014**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 14th day of January, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge